KATRINA ROUSE (CABN 270415)
katrina.rouse@usdoj.gov
ALBERT B. SAMBAT (CABN 236472)
albert.sambat@usdoj.gov
Attorneys for the United States
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA  94102
Telephone: (415) 934-5300

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>STANDARD OIL CO. OF CAL.,<br>AND STANDARD STATIONS, INC.,<br><br>        Defendants. | Misc. No. 2:19-MC-00133-VAP<br><br>**UNITED STATES' MOTION TO TERMINATE LEGACY ANTITRUST JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF** |

## I.   INTRODUCTION

The United States respectfully moves to terminate the judgment in the above-captioned antitrust case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The judgment was entered by this Court 71 years ago.[1]   The United States has concluded that because of its age and changed circumstances since its entry, the judgment no longer serves to protect competition.   The United States gave the public notice and the opportunity to comment on its intent to seek termination of the judgment; it received no comments opposing termination.   The United States had concluded that, for the reasons discussed below, this judgment no longer serves to protect competition.[2]

## II.   BACKGROUND

From 1890, when the antitrust laws were first enacted, until the late 1970s, the United States frequently sought entry of antitrust judgments whose terms never expired.[3] Such perpetual judgments were the norm until 1979, when the Antitrust Division of the United States Department of Justice ("Antitrust Division") adopted the practice of including a term limit of ten years in nearly all of its antitrust judgments.   Perpetual judgments entered before the policy change, however, remain in effect indefinitely unless a court terminates them.   Although a defendant may move a court to terminate a perpetual judgment, few defendants have done so.   There are many possible reasons for this, including that defendants may not have been willing to bear the costs and time resources to seek termination, defendants may have lost track of decades-old judgments, individual defendants may have passed away, or company defendants may have gone out of

---

[1] This case was originally filed as case No. 6159-Y in the former Southern District of California prior to the establishment of the Central District of California in 1966.

[2] For the convenience of the Court, the United States notes that the arguments in support of termination are the same for the following three judgments: (1) *United States v. Standard Oil Co. of Cal., et al.*, Civil No. 6159-Y (S.D. Cal. Jun. 30, 1948); (2) *United States v. Richfield Oil Corp.*, Civil No. 6896-Y (S.D. Cal. Aug. 3, 1951); and (3) *United States v. Reddi-Wip, Inc.*, Civil No. 17906-BH (S.D. Cal. Oct. 28, 1955).

[3] The primary antitrust laws are the Sherman Act, 15 U.S.C. §§ 1–7, and the Clayton Act, 15 U.S.C. §§ 12–27.   The judgment the United States seeks to terminate with this motion concerns violations of the Sherman Act and the Clayton Act.

business.  As a result, hundreds of these legacy judgments remain open on the dockets of courts around the country.  Originally intended to protect the loss of competition arising from violations of the antitrust laws, none of these judgments likely continues to do so because of changed circumstances.

The Antitrust Division has implemented a program to review and, when appropriate, seek termination of legacy judgments.  The Antitrust Division's Judgment Termination Initiative encompasses review of all its outstanding perpetual antitrust judgments.  The Antitrust Division described the initiative in a statement published in the Federal Register.[4]  In addition, the Antitrust Division established a website to keep the public informed of its efforts to terminate perpetual judgments that no longer serve to protect competition.[5]  The United States believes that its outstanding perpetual antitrust judgments presumptively should be terminated; nevertheless, the Antitrust Division is examining each judgment to ensure that it is suitable for termination.  The Antitrust Division is giving the public notice of—and the opportunity to comment on—its intention to seek termination of its perpetual judgments.

In brief, the process the United States is following to determine whether to move to terminate a perpetual antitrust judgment is as follows:

- The Antitrust Division reviews each perpetual judgment to determine whether it no longer serves to protect competition such that termination would be appropriate.
- If the Antitrust Division determines a judgment is suitable for termination, it posts the name of the case and the judgment on its public Judgment Termination Initiative website, https://www.justice.gov/atr/JudgmentTermination.

///

---

[4] Department of Justice's Initiative to Seek Termination of Legacy Antitrust Judgments, 83 Fed. Reg. 19,837 (May 4, 2018), https://www.gpo.gov/fdsys/granule/FR-2018-05-04/2018-09461.
[5] *Judgment Termination Initiative*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/JudgmentTermination.

- The public has the opportunity to comment on each proposed termination within thirty days of the date the case name and judgment are posted to the public website.
- Following review of public comments, the Antitrust Division determines whether the judgment still warrants termination; if so, the United States moves to terminate it.

The United States followed this process for each judgment it seeks to terminate.[6]

The remainder of this motion is organized as follows: Section III describes the Court's jurisdiction to terminate the judgment and the applicable legal standards for terminating the judgment. Section IV argues that perpetual judgments rarely serve to protect competition and that those that are more than ten years old presumptively should be terminated. Section IV also discusses specific circumstances justifying termination. Section V concludes. Appendix A attaches a copy of the judgment that the United States seeks to terminate with this motion. A proposed order terminating the above-captioned judgment accompanies this motion.

## III.   APPLICABLE LEGAL STANDARDS FOR TERMINATING THE JUDGMENT

This Court has jurisdiction and authority to terminate the judgment. The judgment provides that the Court retains jurisdiction. In addition, the Federal Rules of Civil Procedure grant the Court authority to terminate the judgment. According to Rule 60(b)(5) and (b)(6), "[o]n motion and just terms, the court may relieve a party . . .

---

[6] The United States followed this process to move several dozen other district courts to terminate legacy antitrust judgments. *See, e.g.*, *In re: Termination of Legacy Antitrust Judgments in the District of Idaho*, Case 1:19-mc-10427-DCN (D. Idaho Apr. 18, 2019); *United States v. Inter-Island Steam Navigation Co., et al.*, Case 1:19-mc-00115 (D. Haw. April 9, 2019) (terminating five judgments); *United States v. Odom Co., et al.*, Case 3:72-cv-00013 (D. Alaska Mar. 29, 2019) (terminating one judgment); *United States v. The Nome Retail Grocerymen's Ass'n, et al.*, Case 2:06-cv-01449 (D. Alaska Mar. 7, 2019) (terminating one judgment); *United States v. Am. Amusement Ticket Mfrs. Ass'n, et al.*, Case 1:18-mc-00091 (D.D.C. Aug. 15, 2018) (terminating nineteen judgments); *In re: Termination of Legacy Antitrust Judgments*, No. 2:18-mc-00033 (E.D. Va. Nov. 21, 2018) (terminating five judgments).

from a final judgment . . . (5) [when] applying it prospectively is no longer equitable; or (6) for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)–(6); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004) (explaining that Rule 60(b)(5) "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances" and that "district courts should apply a 'flexible standard' to the modification of consent decrees when a significant change in facts or law warrants their amendment") (citation omitted); *United States v. Asarco Inc.*, 430 F.3d 972, 979 (9th Cir. 2005) (Under Rule 60(b), "a court may relieve a party from a final judgment when . . . it is no longer equitable that the judgment should have prospective application. . . . [This] Rule codifies the courts' traditional authority, inherent in the jurisdiction of the chancery, to modify or vacate the prospective effect of their decrees.") (citations and internal quotation marks omitted). Given its jurisdiction and authority, the Court may terminate the judgment for any reason that justifies relief, including that the judgment no longer serves its original purpose of protecting competition.[7] Termination of the judgment is warranted.

## IV.   ARGUMENT

It is appropriate to terminate the judgment because it no longer serves its original purpose of protecting competition. The United States believes that this perpetual judgment presumptively should be terminated because its age alone suggests it no longer protects competition. Other reasons, however, also weigh in favor of terminating it. Under such circumstances, the Court may terminate the judgment pursuant to Rule 60(b)(5) or (b)(6) of the Federal Rules of Civil Procedure.

///

---

[7] In light of the circumstances surrounding the judgment for which it seeks termination, the United States does not believe it is necessary for the Court to make an extensive inquiry into the facts of the judgment to terminate it under Fed. R. Civ. P. 60(b)(5) or (b)(6). The judgment would have terminated long ago if the Antitrust Division had the foresight to limit it to ten years in duration as under its policy adopted in 1979. Moreover, the passage of decades and changed circumstance since its entry, as described in this memorandum, means that it is likely that the judgment no longer serves its original purpose of protecting competition.

4

### A.   The Judgment Presumptively Should Be Terminated Because of Age

Permanent antitrust injunctions rarely serve to protect competition.  The experience of the United States in enforcing the antitrust laws has shown that markets almost always evolve over time in response to competitive and technological changes.  These changes may make the prohibitions of decades-old judgments either irrelevant to, or inconsistent with, competition.  These considerations, among others, led the Antitrust Division in 1979 to establish its policy of generally including in each judgment a term automatically terminating the judgment after no more than ten years.[8]  The judgment—which is decades old—presumptively should be terminated for the reasons that led the Antitrust Division to adopt its 1979 policy of generally limiting judgments to a term of ten years.

### B.   The Judgment Should Be Terminated Because It Is Unnecessary

The judgment should be terminated because, over 70 years old, it is well past the age where an antitrust judgment presumptively becomes either irrelevant to, or inconsistent with, competition.  This litigated judgment was entered in 1948.  The district court found a violation of Section 3 of the Clayton Act and Section 1 of the Sherman Act and its decision was affirmed on direct appeal to the Supreme Court in *Standard Oil of California Inc. v. United States*, 337 U.S. 293 (1949).  Section XIII of the judgment explicitly retains jurisdiction.

The decree enjoined what is now Chevron Corporation, a refiner of petroleum products, from requiring independent retail gasoline dealers to purchase all their requirements for petroleum products and automotive accessories from it.  If the Antitrust Division learns of the defendants engaging in unlawful behavior in the future, it has all the investigative and prosecutorial powers necessary to ensure that competition is not harmed.  Based on its examination of the judgment, the Antitrust Division has determined that it should be terminated.

///

///

---

[8] U.S. DEP'T OF JUSTICE, ANTITRUST DIVISION MANUAL at III-147 (5th ed. 2008), https://www.justice.gov/atr/division-manual.

## C.     There Has Been No Public Opposition to Termination

The United States has provided adequate notice to the public regarding its intent to seek termination of the judgment.  On April 25, 2018, the Antitrust Division issued a press release announcing its efforts to review and terminate legacy antitrust judgments.[9] On March 22, 2019, the Antitrust Division listed the judgment on its public website, describing its intent to move to terminate it.[10]   The notice identified the case, linked to the judgment, and invited public comment.  No comments were received opposing termination.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

[9] Press Release, *Department of Justice Announces Initiative to Terminate "Legacy" Antitrust Judgments*, U.S. DEP'T OF JUSTICE (April 25, 2018), https://www.justice.gov/opa/pr/department-justice-announces-initiative-terminate-legacy-antitrust-judgments.

[10] *Judgment Termination Initiative*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/JudgmentTermination; *Judgment Termination Initiative: Central District of California*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/judgment-termination-initiative-california-central-district (last updated Mar. 22, 2019).

## V.   CONCLUSION

For the foregoing reasons, the United States believes termination of the judgment in the above-captioned case is appropriate and respectfully requests that the Court enter an order terminating it.   A proposed order terminating the judgment in the above-captioned case accompanies this motion.

Respectfully submitted,

DATE:  June 20, 2019

/s/
_____
KATRINA ROUSE
Assistant Chief
San Francisco Office
Antitrust Division
United States Department of Justice

/s/
_____
ALBERT B. SAMBAT
Trial Attorney
San Francisco Office
Antitrust Division
United States Department of Justice